JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Richard Glen Mathews

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kara Hartzler/Benjamin P. Davis, FDSDI
225 Broadway, Ste. 900
San Diego, CA 92101  (619) 234-8467

**DEFENDANTS**

United States

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
U.S. Attorneys
880 Front Street, Room 6293
San Diego, 92101 (619) 557-5610

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☒ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 2255

Brief description of cause:
Motion to Correct, Vacate, or Set Aside Sentence under Johnson v. United States

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**  *(See instructions):*

JUDGE  Hon. Rudi M. Brewster

DOCKET NUMBER  91-cr-00663-B-2

DATE
06/02/2016

SIGNATURE OF ATTORNEY OF RECORD
s/Kara Hartzler

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**KARA HARTZLER**
California State Bar No. 293751
**BENJAMIN P. DAVIS**
California State Bar No. 275918
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Kara_Hartzler@fd.org
Benjamin_Davis@fd.org

Attorneys for Defendant/Petitioner/Movant
Richard Glen Mathews

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE RUDI M. BREWSTER)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>      v.<br><br>RICHARD GLEN MATHEWS,<br><br>              Defendant. | Case No. 91-CR-00663-B-2<br><br>Civil No. _____<br><br>**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES……………………………………………………..ii

I.      INTRODUCTION ............................................................................... 1

II.     STATEMENT OF FACTS.................................................................... 2

III.    ARGUMENT ....................................................................................... 5

      A.    Bombing Property In and Affecting Interstate Commerce Is No Longer a Crime of Violence After *Johnson*................................ 5

           1.    *Johnson*'s Holding Invalidating ACCA's Residual Clause Applies Equally to § 924(c)'s Residual Clause.......... 5

           2.    Bombing Property Affecting Interstate Commerce Is Not a Crime of Violence Under the Force Clause......................... 7

      B.    Mr. Mathews Is Otherwise Entitled to § 2255 Relief Because His Claim Is Cognizable, *Johnson* Applies Retroactively, and His Petition Is Timely. .................................................... 10

           1.    Mr. Mathews's Claim Is Cognizable Under § 2255(a). ....... 10

           2.    *Johnson* Applies Retroactively ............................................ 11

           3.    This Motion Is Timely Under 28 U.S.C. § 2255(f)(3). ......... 13

IV.     CONCLUSION ................................................................................ 14

Exhibit A

# TABLE OF AUTHORITIES

**FEDERAL CASES** *Page(s)*

*Bousley v. United States*, 523 U.S. 614 (1998) ......................... 11

*Brown v. United States*, No. 15-10025 (11th Cir. Sept. 2, 2015) ....................... 11

*Davis v. United States*, 417 U.S. 333 (1974) ......................... 10

*Delgado-Hernandez v. Holder*, 697 F.3d 1125 (9th Cir. 2012) ......................... 6

*Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015) ......................... 2, 6, 10

*Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121 (9th Cir. 2006) (en banc) .............. 9

*Franklin v. United States*, 992 F.2d 1492 (10th Cir. 1993) ................................. 6

*Hill v. United States*, 368 U.S. 424 (1962) ......................... 10

*James v. United States*, 550 U.S. 192 (2007) ......................... 6

*Johnson v. United States*, 135 S. Ct. 2551 (2015) ......................... *passim*

*Johnson v. United States*, 559 U.S. 133 (2010) ......................... 8

*Leocal v. Ashcroft*, 543 U.S. 1 (2004) ......................... 8, 9

*Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011) ......................... 10

*Reina-Rodriguez v. United States*, 655 F.3d 1182 (9th Cir. 2011) (en banc) ..... 12

*Russell v. United States*, 471 U.S. 858 (1985) ......................... 7, 8

*Schriro v. Summerlin*, 542 U.S. 348 (2004) ......................... 11

*Spencer v. United States*, No. 10-10676 (11th Cir. Aug. 15, 2013) ................... 12

*Sun Bear v. United States*, 644 F.3d 700 (8th Cir. 2011) ......................... 11

*Sykes v. United States*, 131 S. Ct. 2267 (2011) ......................... 6

*Teague v. Lane*, 489 U.S. 288 (1989) ......................... 11, 12

*Tyler v. Cain*, 533 U.S. 656 (2001) ......................... 11

*United States v. Acosta*, 470 F.3d 132 (2d Cir. 2006) ......................... 9

*United States v. Addonizio*, 442 U.S. 178 (1979) ......................... 10

*United States v. Amparo*, 68 F.3d 1222 (9th Cir. 1995) ......................... 6

*United States v. Bell*, 2016 WL 344749 (N.D. Cal. Jan. 28, 2016) ....................... 6

*United States v. Bennett*, 984 F.2d 597 (4th Cir. 1993) ......................... 8

*United States v. Coleman*, 763 F.3d 706 (7th Cir. 2014) ......................... 11

*United States v. Dixon*, 805 F.3d 1193 (9th Cir. 2015) ......................... 9

*United States v. Doe*, 810 F.3d 132 (3d Cir. 2015) ......................... 12

*United States v. Edmundson*, __ F. Supp. 3d __, 2015 WL 9311983 (D. Md. Dec. 30, 2015) (as amended) ......................... 7

*United States v. Foote*, 784 F.3d 931 (4th Cir. 2015) ......................... 10

*United States v. Lattanaphom*, __ F. Supp. 3d __, 2016 WL 393545 (E.D. Cal. Feb. 1, 2016) ......................... 6

*United States v. Luong, Case No. CR 99-00433*, 2016 WL 1588495 (E.D. Cal. Apr. 20, 2016) ......................... 7

*United States v. Mathews*, 36 F.3d 821 (9th Cir. 1994) ......................... 4

*United States v. Mathews*, 120 F.3d 185 (9th Cir. 1997) ......................... 4

*United States v. Monroe*, 178 F.3d 304 (9th Cir. 1999) ......................... 8, 9

*United States v. Montgomery*, 384 F.3d 1050 (9th Cir. 2004) ........................... 7

*United States v. Serafin*, 562 F.3d 1105 (9th Cir. 2009) ........................... 9

*United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015) ........................... 6

*United States v. White*, 771 F.3d 225 (4th Cir. 2014) ........................... 7

*Welch v. United States*, 136 S. Ct. 1257 (2016) .................................. 2, 11, 12, 13

**FEDERAL STATUTES**

8 U.S.C. § 16............................................................................................ 6, 8, 9

8 U.S.C. § 1101(a)(43)(F) ............................................................................. 6

18 U.S.C. § 2............................................................................................... 3

18 U.S.C. § 371........................................................................................ 2, 7

18 U.S.C. § 844(i)................................................................................ *passim*

18 U.S.C. § 922(g)(1) ................................................................................. 3

18 U.S.C. § 924................................................................................... *passim*

26 U.S.C. § 5861 ......................................................................................... 3

26 U.S.C. § 5871 ......................................................................................... 3

28 U.S.C. § 2255................................................................................ *passim*

ACCA .............................................................................................. *passim*

**KARA HARTZLER**
California State Bar No. 293751
**BENJAMIN P. DAVIS**
California State Bar No. 275918
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Kara_Hartzler@fd.org
Benjamin_Davis@fd.org

Attorneys for Defendant/Petitioner/Movant
Richard Glen Mathews

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE RUDIE M. BREWSTER)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD GLEN MATHEWS,<br><br>Defendant. | Case No. 91-CR-00663-B-2<br><br>Civil No. _____<br><br>**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |

## I.  INTRODUCTION

Richard Glen Mathews, through undersigned counsel, moves this Court to vacate and correct his sentence under 28 U.S.C. § 2255 on the basis of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In 1993, Mr. Mathews was convicted of six counts relating to an incident in which a small package containing a bomb was left outside the house of a member of the Mongols motorcycle gang. One of these counts, Aiding and Abetting the Use and

Carrying of a Destructive Device During a Crime of Violence under 18 U.S.C. § 924(c)(1)(B)(ii), carried a mandatory minimum sentence of thirty years, to be served consecutively to the other sentences imposed.

Under *Johnson*, Mr. Mathews should not have been sentenced to thirty years pursuant to § 924(c) because the underlying crime of violence, Bombing Property in and Affecting Interstate Commerce under 18 U.S.C. § 844(i), is not a "crime of violence." In *Johnson,* the Supreme Court struck down the residual clause of the Armed Career Criminal Act as unconstitutionally vague. 135 S. Ct. at 2557. Like the residual clause, the definition of a "crime of violence" in § 924(c)(3)(B) employs language that is void for vagueness. *See Dimaya v. Lynch*, 803 F.3d 1110, 1115 (9th Cir. 2015) (holding that the phrase "involves a substantial risk that physical force against the person or property of another may be used" is unconstitutionally vague under *Johnson).* And because bombing property affecting interstate commerce does not qualify as a "crime of violence" under § 924(c)'s alternative definition (as an offense that has as an element the use, attempted use, or threat of violent physical force), Mr. Mathews moves this Court to correct his sentence under 18 U.S.C. § 2255.

Mr. Mathews is entitled to relief under 28 U.S.C. § 2255(h)(2) because *Johnson* "announced a substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1263 (2016). Also, Mr. Mathews's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in *Johnson*. Therefore, Mr. Mathews respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and re-sentence him.

## II.    STATEMENT OF FACTS

On July 18 1991, a jury returned a ten-count indictment charging Mr. Mathews, *inter alia*, in Count 1 with Conspiracy to Bomb Property in and Affecting Interstate Commerce, in violation of 18 U.S.C §§ 371 and 844(i); in

2

Count 2 with Bombing Property in and Affecting Interstate Commerce Causing Injury and Aiding and Abetting, in violation 18 U.S.C §§ 844(i) and (2); in Count 3 with Aiding and Abetting the Use and Carrying of a Destructive Device During a Crime of Violence, in violation of  18 U.S.C. §§ 924(c)(1); in Count 5 with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1); in Count 6 with Aiding and Abetting the Unlawful Manufacture of a Destructive Device, in violation of 26 U.S.C. §§ 5861(f) and 5871 and 18 U.S.C. § 2; in Count 7 with Aiding and Abetting the Unlawful Possession of an Unregistered Firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871, and 18 U.S.C. § 2. *See* Dkt. No.[1] 5; PSR 1. On January 14, 1993, a jury found Mr. Mathews guilty of these six counts. *See* Dkt. No. 62.

The Presentence Report ("PSR") calculated a Guidelines range of 78-97 months for Counts 1, 2, 5, 6, and 7. PSR 11, 12. The PSR also reported that Mr. Mathews's conviction in Count 3 for Aiding and Abetting the Use and Carrying of a Destructive Device During a Crime of Violence under § 924(c) subjected him to a mandatory thirty-year sentence, to be served consecutively. PSR 12. In arriving at this calculation, the PSR determined that the most analogous guideline for these offenses was § 2A2.2, Aggravated Assault, rather than § 2A2.1, Assault with Intent to Commit Murder; Attempted Murder. PSR 10. The government objected and argued that the appropriate guideline was § 2A2.1, Attempted Murder. *See* Addendum to PSR, at 1.

 At the initial sentencing hearing on April 12, 1993, the district court imposed 60 months' custody for Count 1, to run concurrently with 188 months' custody for Count 2, and 120 months' custody for Counts 5, 6, and 7. *See* Dkt. No. 73, 74. For Count 3, the district court imposed thirty years for the § 924(c)

---

[1] Unless otherwise indicated, all citations to "Dkt. No." refer to the clerk's record in 91-CR-00663-B-2, the underlying criminal case.

3

violation, to run consecutively, for a total of 548 months' custody. *See* Dkt. No. 73, 74.

Mr. Mathews timely appealed his conviction and sentence to the Ninth Circuit Court of Appeals. *See* Dkt. No. 76; *United States v. Mathews*, 36 F.3d 821 (9th Cir. 1994). Mr. Mathews argued that imposing a sentence on Counts 2 and 3 constituted Double Jeopardy and that he should not have been sentenced according to § 2A2.1 because he lacked the requisite intent for First Degree Murder. *See id* at 823. The Ninth Circuit denied Mr. Mathews's Double Jeopardy argument but held that he did lack the requisite intent for murder and should not have been sentenced under attempted murder. *See id* at 824. The Ninth Circuit affirmed Mr. Mathew's conviction but reversed and remanded with respect to sentencing. *Id.* at 823-824.

On remand, the district court calculated a base offense level of 22 according to Guideline § 2A2.1(a)(2) but also applied an upward departure of eight levels pursuant to § 2A2.1(b)(1)(A) and § 2A2.3. *United States v. Mathews*, 120 F.3d 185, 186-187 (9th Cir. 1997). Based on these departures, the district court calculated a guidelines range of 121-151 months and imposed a sentence of 151 months' custody for Counts 1, 2, 5, 6, and 7 to run concurrently, and 360 months' custody for Count 3, to run consecutively. *Id.* at 187; Dkt. No. 88. Mr. Mathews filed a subsequent appeal to the Ninth Circuit Court of Appeals, arguing that the upward departure was unlawful. *Id.* at 187; Dkt. 91. The Ninth Circuit held that the departures were unreasonable and remanded the case for resentencing. *Id.* at 189.

The Fourth Addendum to the PSR calculated a sentencing range of 63-78 months custody for Counts 1, 2, 5, 6, and 7, and 360 months' custody for the § 924(c) violation. *See* Fourth Addendum to the PSR at 4. On October 14, 1997, Mr. Mathews was resentenced to 60 months' custody for Count 1 and 135 months custody for Counts 2, 5, 6, and 7, to run concurrently, with 360 months' custody

4

1  for the 924(c) violation, to run consecutively. *See* Dkt. No. 117; Exh. A,

2  Judgment and Commitment; Dkt. No. 118.

3       On June 25, 2015, the Supreme Court issued its decision in *Johnson*

4  striking down the "residual clause" of the Armed Career Criminal Act as

5  unconstitutionally vague. 135 S. Ct. at 2557. Mr. Mathews now timely files this

6  motion seeking permission to file a second or successive petition for habeas

7  corpus in light of *Johnson.*

8  **III.   ARGUMENT**

9     **A.   Bombing Property In and Affecting Interstate Commerce Is No**

10          **Longer a Crime of Violence After *Johnson*.**

11       Section 924(c) provides for a series of graduated, mandatory consecutive

12  sentences for using or carrying a firearm during and in relation to a "crime of

13  violence." 18 U.S.C. § 924(c)(1)(A), (B). The term "crime of violence," in turn, is

14  defined as "an offense that is a felony and—"

15      (A)   has as an element the use, attempted use, or threatened use of

16           physical   force against the person or property of another, or

17      (B)   that by its nature, involves a substantial risk that physical force

18           against the person or property of another may be used in the course
         of committing the offense.

19  18 U.S.C. § 924(c)(3).  As used in this brief, subsection (A) is called the "force

20  clause" and subsection (B) is called the "residual clause."

21         1.   *Johnson*'s Holding Invalidating ACCA's Residual Clause

22            Applies Equally to § 924(c)'s Residual Clause.

23       In *Johnson*, the Supreme Court declared the residual clause of the Armed

24  Career Criminal Act to be "unconstitutionally vague" because the "indeterminacy

25  of the wide-ranging inquiry required by the residual clause both denies fair notice

26  to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at

27  2557. Thus, the Supreme Court concluded that "[i]ncreasing a defendant's

28  sentence under the clause denies due process of law."  *Id*.  The Supreme Court

held the residual clause "vague in all its applications," *id.* at 2561, and overruled

its contrary decisions in *James v. United States*, 550 U.S. 192 (2007), and *Sykes v.*

*United States*, 131 S. Ct. 2267 (2011). *Johnson*, 135 S. Ct. at 2562-63.

The holding in *Johnson* invalidating the residual clause of the ACCA

applies equally to the residual clause of § 924(c). In *Dimaya v. Lynch*, the Ninth

Circuit held that the identically worded definition of a "crime of violence" in the

Immigration and Nationality Act (INA), 8 U.S.C. § 1101(a)(43)(F), is

unconstitutionally vague. 803 F.3d at 1111. Although the language of § 16(b), as

incorporated into the INA, is not identical to that of ACCA's residual clause, the

Ninth Circuit concluded that § 16(b) suffered from the same constitutional defects

identified in *Johnson*, and was therefore unconstitutionally vague. *Id.* at 1114-17;

*see also United States v. Vivas-Ceja*, 808 F.3d 719, 722-23 (7th Cir. 2015)

(same). Because both statutes require a consideration of what kind of conduct the

"ordinary case" of the crime involves, and both statutes left uncertainty about the

amount of risk required, the Ninth Circuit reasoned that § 16(b), like ACCA's

residual clause, produced too much unpredictability and arbitrariness to comport

with due process. *Id.* at 1116-17.

The same is true of the residual clause in § 924(c)(3)(B), which the Ninth

Circuit has recognized is "identical" to § 16(b)'s residual clause. *See United*

*States v. Amparo*, 68 F.3d 1222, 1226 (9th Cir. 1995); *Delgado-Hernandez v.*

*Holder*, 697 F.3d 1125, 1130 (9th Cir. 2012). For interpretive purposes, the Ninth

Circuit has treated § 16(b) as the "equivalent" of § 924(c)(3). *See Mendez*, 992

F.2d at 1492; *Amparo*, 68 F.3d at 1226 (relying on United States v. Aragon, 983

F.2d 1306 (4th Cir. 1993), a § 16(b) case, to interpret § 924(c)(3)(B)). And at least

three district courts have squarely held that § 924(c)(3)'s residual clause is

unconstitutionally vague after *Johnson. See United States v. Lattanaphom*, __ F.

Supp. 3d __, 2016 WL 393545, at *3-6 (E.D. Cal. Feb. 1, 2016); *United States v.*

*Bell*, 2016 WL 344749, at *12-13 (N.D. Cal. Jan. 28, 2016); *United States v.*

*Edmundson*, __ F. Supp. 3d __, 2015 WL 9311983, at *3-5 (D. Md. Dec. 30, 2015) (as amended). This Court should likewise conclude that § 924(c)(3)(B) is unconstitutionally vague and cannot be used to support Mr. Mathews's § 924(c) conviction and sentence.

2.   Bombing Property Affecting Interstate Commerce Is Not a Crime of Violence Under the Force Clause.

Mr. Mathews's conviction and sentence for § 924(c) cannot be salvaged under the force clause because bombing property affecting interstate commerce under § 844(i)[2] does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). First, and perhaps most simply, the statute does not have, as an element, that the involved property must belong to "another." *See* 18 U.S.C. § 844(i) (referring to "*any* building, vehicle, or other real or personal property" without regard to ownership) (emphasis added). In fact, convictions under § 844(i) quite frequently involve the destruction of one's own property. *See, e.g.*, *United States v. White*, 771 F.3d 225, 227 (4th Cir. 2014) (describing a defendant charged with 18 U.S.C. § 844(i) for the "burning of a two-unit duplex that he owned and managed"); *Russell v. United States*, 471 U.S. 858 (1985) (describing

---

[2] Mr. Mathews was also convicted of Conspiracy to Bomb Property Affecting Interstate Commerce under 18 U.S.C. §§ 371 and 844(i). *See* Dkt. No. 5; PSR 1. If the § 924(c) charge relied on this Conspiracy count, it also would not be a crime of violence under the force clause, as conspiracy requires only: (1) "an agreement to engage in criminal activity"; (2) "one or more overt acts taken to implement the agreement"; and (3) "the requisite intent to commit [bombing property affecting interstate commerce]." *United States v. Montgomery*, 384 F.3d 1050, 1062 (9th Cir. 2004) (citation and internal quotation marks omitted). *See also United States v. Luong*, Case No. CR 99-00433, 2016 WL 1588495, *2 (E.D. Cal. Apr. 20, 2016) (dismissing § 924(c) counts post-*Johnson* on the basis that the elements of conspiracy do not require the use of force). Thus, if the record does not show whether the underlying crime of violence was for conspiracy, the Court must assume it involved Conspiracy and find it not a crime of violence on this separate, independent basis.

7

1    conviction for 18 U.S.C. § 844(i) based on an attempt to set fire to the defendant's

2    own building). For that reason alone, a conviction under § 844(i) is not

3    categorically a crime of violence under the force clause.[3]

4          Second, in order to be a categorical match to the terms of the force clause in

5    § 924(c), a state statute must require proof of both *intentional* conduct and *violent*

6    force. On the question of violent force, the term "[p]hysical force" has the

7    meaning given to it by *Leocal v. Ashcroft*, 543 U.S. 1, 9-10 (2004), and the

8    Supreme Court's 2010 decision in *Johnson v. United States*, 559 U.S. 133, 140

9    (2010) (*Johnson I*). In *Leocal*, in addition to interpreting the *mens rea* requirement

10   of section 16(a), the Supreme Court also held that the phrase "physical force" in

11   that section requires a "violent, active crime[]." 543 U.S. at 11. The *Johnson I*

12   Court expanded on that definition, holding that the phrase "physical force" in

13   ACCA's almost-identical force clause defining "violent felony" means "*violent*

14   force—that is, force capable of causing physical pain or injury to another person."

15   *Johnson I*, 559 U.S. at 140.

16         Moreover, § 844(i) does not require the use or attempted use of *violent*

17   force. A conviction may be premised on no more than lighting a match and setting

18   it down. *See Russell v. United States*, 471 U.S. 858, 859 n.1 (1985) (844(i)

19   conviction where defendant's co-conspirator lit a potato-chip bag and piece of

20   wood but was not able to start a fire). Persons may also be convicted for removing

21   a gas line from a stove and letting a house burn, *United States v. Bennett*, 984

22   F.2d 597 (4th Cir. 1993), or stealing a gas stove from one's apartment, caring not

23   that it would, and did, burn the apartment building down the following day,

24   *United States v. Monroe*, 178 F.3d 304, 306 (9th Cir. 1999). Such conduct may be

25   repugnant, but it hardly falls in the category of "violent, active" crimes.

26

27
              [3] Because ownership of the property is not an element of the offense, resort
28   to the modified categorical approach would not be appropriate.

8

1    Moreover, as *Bennett* and *Monroe* suggest, a conviction under 18 U.S.C.

2    § 844(i) can be based on a situation where the defendant intends his act but does

3    not intend that act to cause any particular result, let alone the result of force. In

4    *Leocal v. Ashcroft*, 543 U.S. 1, 9-10 (2004), the Supreme Court held that a

5    conviction under a Florida statute prohibiting driving under the influence was not

6    a crime of violence under the identical force clause in 18 U.S.C. Section 16(a)

7    because the crime could be committed through mere negligence or even

8    accidental conduct. An en banc panel of the Ninth Circuit then interpreted *Leocal*

9    as requiring that, "to constitute a federal crime of violence an offense must

10   involve the *intentional* use of force against the person or property of another."

11   *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006) (en banc)

12   (emphasis added); *see also United States v. Dixon*, 805 F.3d 1193, 1197 (9th Cir.

13   2015) (citing *Leocal* and holding that the almost-identically worded force clause

14   in the ACCA requires that "the use of force must be intentional, not just reckless

15   or negligent"); *United States v. Serafin*, 562 F.3d 1105, 1108 (9th Cir. 2009)

16   (applying Leocal's gloss on 18 U.S.C. § 16 to section 924(c)(3)); *United States v.*

17   *Acosta*, 470 F.3d 132, 134-35 (2d Cir. 2006) (same). Thus, § 844(i) does not

18   require the type of intentional and violent force necessary to be a crime of

19   violence.

20   Because § 844(i) may be committed against one's own property, and

21   because it does not necessarily require the use, attempted use, or threatened use of

22   *violent* physical force, nor does it necessarily require the *intentional* use or threat

23   of physical force, it is not a crime of violence under the force clause. And because

24   it cannot be a crime of violence under the now-discredited residual clause of

25   § 924(c), Mr. Mathews's thirty-year sentence violates due process and must be

26   vacated.

27

28

9

**B.      Mr. Mathews Is Otherwise Entitled to § 2255 Relief Because His Claim Is Cognizable, *Johnson* Applies Retroactively, and His Petition Is Timely.**

1.      Mr. Mathews's Claim Is Cognizable Under § 2255(a).

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). Mr. Mathews's thirty-year sentence was imposed in violation of the Constitution because it was predicated on a residual clause that is "unconstitutionally vague"; thus, "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. As demonstrated above, *Johnson*'s constitutional holding regarding ACCA's residual clause applies to the nearly-identical residual clause in 18 U.S.C. § 924(c)(3)(B). *See Dimaya*, 803 F.3d at 1115 (holding that the phrase "involves a substantial risk that physical force against the person or property of another may be used" is unconstitutionally vague under *Johnson*). Thus, Mr. Mathews's claim for relief is cognizable under the plain language of § 2255(a).

This is all that is required. Because Mr. Mathews's sentence was imposed "in violation of the Constitution," 28 U.S.C. § 2255(a), the "fundamental defect" standard applicable to ordinary claims of statutory error does not apply. Only a non-jurisdictional, non-constitutional error of law must constitute "a fundamental defect which inherently results in a complete miscarriage of justice" in order to be cognizable. *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Davis v. United States*, 417 U.S. 333, 343-344 (1974); *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) ("[I]f the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'") (citations omitted); *Narvaez v. United States*, 674 F.3d 621, 623 (7th Cir. 2011) ("The term

1   'miscarriage of justice' comes from the Supreme Court's holding that a non-
2   jurisdictional, non-constitutional error of law is not a basis for collateral attack
3   under § 2255 unless the error is 'a fundamental defect which inherently results in
4   a complete miscarriage of justice.'") (citations omitted).

5          A claim based on *Johnson*, in contrast, is constitutional and therefore
6   cognizable. *See United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014)
7   (although an erroneous determination of an advisory guideline range "generally
8   [is] not cognizable on a § 2255 motion," relief "is available" for "an error of
9   constitutional . . . magnitude"); *Sun Bear v. United States*, 644 F.3d 700, 704 (8th
10  Cir. 2011) (recognizing that "fundamental defect" standard does not apply to
11  constitutional or jurisdictional error); Order, *Brown v. United States*, No. 15-
12  10025 (11th Cir. Sept. 2, 2015) (granting certificate of appealability because
13  although a claim that a defendant was misclassified as a career offender "is
14  generally not cognizable" under circuit law applicable to errors of statutory
15  interpretation, "*Johnson* involved a claim of constitutional error").

16         2.      *Johnson* Applies Retroactively.

17         A new rule has been "made retroactive to cases on collateral review" if "the
18  Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663
19  (2001). The Supreme Court has held that new substantive rules "generally apply
20  retroactively," while new procedural rules do not. *Schriro v. Summerlin*, 542 U.S.
21  348, 351-52 (2004); *see also Bousley v. United States*, 523 U.S. 614, 620 (1998);
22  *Teague*, 489 U.S. at 311 (plurality op.). Substantive rules include rules that
23  "narrow the scope of a criminal statute by interpreting its terms," *Schriro*, 542
24  U.S. at 351-52, or "alter[ ] the range of conduct or the class of persons that the
25  law punishes," *id.* at 353.

26         In *Welch v. United States*, the Supreme Court held that *Johnson*
27  "announced a substantive rule that has retroactive effect in cases on collateral
28  review." 136 S. Ct. at 1263. It is substantive, the Court held, because it changed

the substantive reach of a sentencing enhancement. *Id*. at 1265. "*Johnson*

establishes . . . that even the use of impeccable factfinding procedures could not

legitimate a sentence based on that clause. . . . It follows that *Johnson* is a

substantive decision." *Id*. (internal citations and quotation omitted).

Just as clearly, *Welch* held that *Johnson* is decidedly not a procedural rule.

It does not "allocate decision making authority between jury and jury, or regulate

the evidence that the court could consider in making its decision." *Id*. (internal

citations and quotation marks omitted). Rather, *Johnson* "affected the reach of the

underlying statute rather than the judicial procedures by which the statute is

applied." *Id*.

The fact that *Welch* arose in the context of the Armed Career Criminal Act

("ACCA") is of no effect. The holding of *Welch* is not limited to ACCA

defendants given that the Court states: "The residual clause is invalid under

*Johnson* so it can no longer mandate or authorize *any* sentence." *Id*. (emphasis

added). "It follows that *Johnson* is a substantive decision," *id.*—not a substantive

decision as it relates to ACCA defendants, but a substantive decision, period.

Under *Teague*, "either a rule is retroactive or it is not." *United States v.

Doe*, 810 F.3d 132, 154 & n.13 (3d Cir. 2015). As the government itself has

previously argued, it was "not aware of any . . . chameleon-like rules" that "were

substantive for some purposes and procedural for others." Supplemental Brief for

United States on Rehearing En Banc, *Spencer v. United States*, at 15 (11th Cir.

Aug. 15, 2013) (No. 10-10676). Rather, a rule's "status as a substantive rule is

fixed," and "does not fluctuate based on whether the prisoner is challenging an

ACCA enhancement, a mandatory guidelines enhancement, or, as here, an

advisory guidelines enhancement." *Id*. at 15; *see also Reina-Rodriguez v. United

States*, 655 F.3d 1182, 1189 (9th Cir. 2011) (en banc) (applying a rule that was

substantive in the ACCA context to the guidelines). Because *Johnson* is a

substantive rule, it must be given retroactive effect, regardless of the context.

12

1        Moreover, in practice, a sentence under § 924(c) operates the same way as

2   an ACCA sentence—it authorizes a mandatory consecutive sentence that would

3   otherwise be impossible to impose. Thus, as with ACCA, "[a]fter *Johnson*, the

4   same person engaging in the same conduct is no longer subject to the Act and

5   faces at most [the sentence authorized under the underlying crime]." *Welch*, 136

6   S. Ct. at 1265. And, as with ACCA, "'even the use of impeccable factfinding

7   procedures could not legitimate' a sentence based on that clause.'" *Id*. (citation

8   omitted). For that reason, *Johnson* is retroactive to individuals sentenced under

9   § 924(c) and applies retroactively on collateral review.

10           3.    This Motion Is Timely Under 28 U.S.C. § 2255(f)(3).

11        Mr. Mathews's motion is also timely under the statute, which sets a one-

12   year deadline in which to file from "the date on which the right asserted was

13   initially recognized by the Supreme Court, if that right has been newly recognized

14   by the Supreme Court and made retroactively applicable to cases on collateral

15   review." 28 U.S.C. § 2255(f)(3).

16        The Supreme Court decided *Johnson* on June 26, 2015, and Mr. Mathews

17   filed his claim within one year of that date.  As discussed above, the Supreme

18   Court recognized a new right in *Johnson*, and announced a substantive rule that is

19   therefore retroactive to his case on collateral review.

20

21

22

23

24

25

26

27

28

**IV.   CONCLUSION**

Because a conviction under § 844(i) is no longer a crime of violence after *Johnson*, and because Mr. Mathews has shown that he is otherwise entitled to relief under 28 U.S.C. § 2255, he respectfully requests that this Court grant his motion, vacate the sentence, and re-sentence him.

Respectfully submitted,

 *s/ Kara Hartzler*
DATED:        June 2, 2016                KARA HARTZLER
                                          Federal Defenders of San Diego, Inc.

                                          Attorney for Defendant-Appellant

14

# EXHIBIT A

USDC SCAN INDEX SHEET











USA

WEBB

TLW    10/31/97    14:18
3:91-CR-00663
*118*
*CRJGMCOMI.*

FILED

OCT 24 1997

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPU

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

**JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT**

vs.

RICHARD GLEN MATHEWS (2)                    CRIMINAL CASE NO. 91CR0663-B

THOMAS SAUER
DEFENDANT'S ATTORNEY

THE SENTENCE IMPOSED ON JULY 31, 1995 IS HEREBY VACATED PURSUANT TO THE NINTH
CIRCUIT COURT OF APPEALS JUDGMENT FILED AND ENTERED ON OCTOBER 14, 1997

THE DEFENDANT:
__X__was found guilty on count(s)__1,2,3,AND 5-7__ AFTER A PLEA OF NOT GUILTY

Accordingly, the defendant is adjudged guilty of such count(s), which
involve the following offenses:

| TITLE & SECTION | NATURE OF OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 18 USC 371,844(I) | CONSPIRACY BOMB PROPERTY IN AND AFFECTING INTERSTATE COMMERCE | 1 |
| 18 USC 844(i),2 | BOMBING PROPERTY IN AND AFFECTING INTERSTATE COMMERCE CAUSING INJURY | 2 |
| 18 USC 924(c)(1),2 | USE AND CARRYING A FIREARM DURING A CRIME OF VIOLENCE | 3 |
| 18 USC 922(g)(1) | FELON IN POSSESSION OF FIREARM | 5 |
| 26 USC 6861(f),5871 | UNLAWFUL MANUFACTURE OF A DESTRUCTIVE | 6 |
| 18 USC 2 | DEVICE | |
| 21 USC 5861 & 5871 | UNLAWFUL POSSESSION OF AN UNREGISTERED FIREARM AIDING AND ABETTING | 7 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__ The defendant has been found not guilty on count(s) _____ and is
       discharged as to such count(s).
__X__   COUNTS 9 AND 10 WERE   dismissed on the motion of the United States.
__X__ It is ordered that the defendant shall pay to the United States a special
assessment of $_300 ($50 AS TO EACH COUNT)_____Which shall be due immediately.
__X__FINE WAIVED

It is further ordered that the defendant shall notify the United States
Attorney for this district within thirty days of any change of residence or
mailing address until all fines, restitution, costs and special assessments
imposed by this Judgment are fully paid.

ENTERED ON 10/31/97        91CR0663

Judgment - Page __2__ of __4__

DEFENDANT: RICHARD GLEN MATHEWS (2)
CASE NUMBER: 91CR0663-B

### IMPRISONMENT

    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of
    60 MONTHS ON COUNT 1
    135 MONTHS ON COUNTS 2,5-7 CONCURRENTLY AND CONCURRENT TO COUNT 1
    360 MONTHS ON COUNT 3 CONSECUTIVELY TO ALL OTHER COUNTS
    495 MONTHS TOTAL

_____ The Court makes the following recommendations to the Bureau of Prison: INCARCERATION BE AS CLOSE           , AS FACILITIES AND SECURITY LEVEL WILL PERMIT,

___ The defendant is remanded to the custody of the United States Marshal.

_____ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    ____ before 2 p.m. on _____.

    _____ as notified by the United States Marshal.

    ____ as notified by the Probation Office.

### RETURN
    I have executed this Judgment as follows:

_____

_____

    Defendant delivered on _____ to _____at ____
_____, with a certified copy of this judgment.

                                UNITED STATES MARSHAL

                          By _____
                                  Deputy Marshal

DEFENDANT: RICHARD GLEN MATHEWS (2)                    JUDGMENT PAGE __3__ OF __4__
CASE NUMBER: 91CR0663-B

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____5 YEARS ALL COUNTS CONCURRENTLY_____

   The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

   The defendant shall not commit another federal, state, or local crime.

   The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

      The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

      ____The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

__X__ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

      If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

   The defendant shall comply with additional conditions indicated  below. and the standard conditions that have adopted by this court on the attached page.


_X_NOT POSSESS FIREARMS, DANGEROUS WEAPONS OR EXPLOSIVES,

_X_SUBMIT TO A SEARCH OF PERSON OR PROPERTY CONDUCTED IN A REASONABLE MANNER AND AT A REASONABLE TIME BY THE PROBATION DEPARTMENT

__X_____PARTICIPATE IN A DRUG AND OR ALCOHOL PROGRAM INCLUDING TESTING AND COUNSELING AS DIRECTED BY THE PROBATION DEPARTMENT

____IF DEPORTED, EXCLUDED OR ALLOWED TO VOLUNTARILY RETURN TO
DEFENDANT'S NATIVE COUNTRY, THAT HE NOT REENTER THE UNITED STATES
ILLEGALLY AND REPORT TO THE PROBATION DEPARTMENT WITHIN TWENTY-FOUR (24) HOURS
OF ANY REENTRY INTO THE UNITED STATES. SUPERVISION IS WAIVED UPON DEPORTATION,
EXCLUSION OR VOLUNTARY DEPARTURE

__X_REPORT ALL VEHICLES OWNED, OPERATED OR THAT THE DEFENDANT HAS AN INTEREST THEREIN, TO THE PROBATION DEPARTMENT

_X_RESOLVE ALL OUTSTANDING WARRANTS WITHIN 60 DAYS AFTER RELEASE FROM CUSTODY

DEFENDANT: RICHARD GLEN MATHEWS (2)                    PAGE  4  OF  4
CASE NO. 91cr0663-B

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state or local crime;
2) The defendant shall not leave the judicial district without the permission of the court or probation officer;
3) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) The defendant shall support his or her dependents and meet other family responsibilities;
6) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
7) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) The defendant shall refrain from excessive use of alcohol and shall not purchase, use, distribute, or administer any narcotic or controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.


DATE OF IMPOSITION OF SENTENCE:  OCTOBER 14, 1997



RUDI M. BREWSTER,
UNITED STATES DISTRICT JUDGE


91CR0663

1

## <u>CERTIFICATE OF SERVICE</u>

2

Counsel for Defendant certifies that the foregoing is true and accurate to the

3

best of her information and belief, and that a copy of the foregoing document has

4

been caused to be delivered this day upon the participants in this case, all of

5

whom are registered CM/ECF users.

6

7

Dated:  June 2, 2016                                  */s/  Kara Hartzler*

8

**KARA HARTZLER**

Federal Defenders of San Diego, Inc.

9

225 Broadway, Suite 900

San Diego, CA  92101-5030

10

(619) 234-8467  (tel)

(619) 687-2666  (fax)

11

Email: Kara_Hartzler@fd.org

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28