LAURA E. DUFFY
United States Attorney
TIMOTHY F. SALEL
Assistant U.S. Attorney
Cal. State Bar No. 163597
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8055
Email: timothy.salel@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 91-cr-0663-BEN |
| v. | Related Case Nos.16-cv-1542-BEN and 16-cv-1356-BEN |
| RICHARD GLEN MATHEWS, | **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C.§ 2255** |
| Defendant-Petitioner, | **AND MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF** <u>**UNITED STATES V. BEGAY**</u>**, C.A. 140080** |

I

**INTRODUCTION**

Defendant RICHARD GLEN MATHEWS seeks to vacate his sentence because he contends that Bombing Property In and Affective Interstate Commerce, in violation of 18 U.S.C. § 844(i), is not a "crime of violence" under 18 U.S.C. § 924(c) after the holding in Johnson v. United States, 135 S. Ct. 2551 (2015). MATHEWS argues that Johnson invalidates the residual clause under § 924(c)(3)(B), and § 844(i) is not a crime of violence under the force or elements clause because it may be committed against one's own property, and does not necessarily require the use, attempted use, or threatened of *violent* physical force, or the *intentional* use or threat of force.

This Court should stay the proceedings based on the Ninth Circuit's pending decision in United States v. Begay, C.A. No. 14-10080, which has been under submission since May 26, 2016 and will address whether Johnson invalidates the residual clause of 18 U.S.C. § 924(c). In similar cases, the Ninth Circuit itself has suggested that the "district court may wish to stay proceedings pending" the decision in Begay. See, e.g., Berry v. United States, C.A. No. 16-71332. 2016 U.S. App. LEXIS 12176 at*1, (9th Cir. July 2, 2016). Furthermore, after the opinions are issued, the Court should allow the parties to supplement their pleadings to address the issues addressed or resolved by the decision in Begay.

Even if this Court elects to consider the substance of MATHEWS' 2255 motion now, it should be denied. MATHEWS procedurally defaulted his claim and cannot retroactively apply Johnson. MATHEWS' conviction for Bombing Property In and Affective Interstate Commerce, in violation of 18 U.S.C. 844(i), is a crime of violence under force or elements clause, and the residual clause.

## II

## STATEMENT OF FACTS

### A.    The Offenses

At dawn May 15, 1991, James Wilson was making his way through the alley behind Ebony Street in Imperial Beach, California, picking up aluminum cans. See United States v. Mathews, 36 F.3d 821, 822 (9th Cir. 1994). Wilson noticed a box near 120 Ebony Street, a residence rented by James "Fat Man" Rivera, the president of the San Diego Chapter of the Mongols motorcycle gang, and Rivera's girlfriend. Id. ; PSR p. 3. Wilson picked up the box. Id. A bomb within it detonated. Id. Wilson was blinded, deafened, suffered severe burns, lacerations, multiple fractures, and lost a finger. Id. Wilson died seven months later; his death accelerated by the trauma he had undergone from the bomb blast. Id. The bomb also destroyed a portion of the exterior wall to Rivera's house and excavated a hole in the ground about one cubic foot in size. PSR at p. 3.

When the crime was investigated, MATHEWS admitted that he and Mike Webb had made the bomb, and the intended target was Rivera. Id. MATHEWS had a grudge against Rivera, who had kicked MATHEWS out of the Mongols motorcycle gang. United States v. Mathews, 120 F.3d 185, 186 (9th Cir. 1997). The bomb had taken three days to make and it operated with a clock and battery. See Mathews, 36 F.3d at 822. The bomb contained steel balls and was designed to cause severe injury to any person or property near it when it detonated. Id. MATHEWS had driven Webb to the street where the bomb was planted. Id. MATHEWS' admissions were properly admitted at trial[1] and confirmed by the testimony of Jeffrey Malley who stated that, at MATHEWS' request, he (Malley) had purchased a pound can of gunpowder which he had delivered to MATHEWS.

## B. Criminal History

| Date of Arrest - Agency & Age | Court, Case No., & Charge(s) | Disposition – Date & Sentence |
|---|---|---|
| 12/05/1971 – San Bernardino Sheriff's Office (SBSO) (Age 19) | (1) Disturbing the Peace – Cal. Penal Code § 415; (2) Obstructing a Peace Officer – Cal. Penal Code § 148 | 02/14/1972 - Convicted of Count 2 - Sentenced to three days in jail and one year of probation |
| 02/22/1972 – SBSO (Age 19) | Threaten School – Cal. Penal Code § 71 | 03/14/1972 - Convicted – Sentenced to 30 days jail (suspended) and one year of probation |
| 12/19/1976 – SBSO (Age 24) | CA Municipal Court - Ontario Case No. M64771 Carrying a Loaded Firearm in Public – Cal. Penal Code § 12031(a) | 02/15/1977 - Convicted – Sentenced one year of probation |
| 02/22/1977 – SBSO (Age 24) | CA Superior Court - Ontario Case No. CRW5091 Murder – First Degree – Cal. Penal Code 187 | 07/27/1977 – Convicted 09/08/1977 - Sentenced to life in prison |

PSR at p. 6.

---

[1] In United States v. Mathews, No. 93-50359, 1994 U.S. App. LEXIS 26382 (9th Cir. 1994) (unpublished – cited only for factual purposes in accordance with Ninth Cir. R. 36-3(c)(2)) (MATHEWS' statements were not coerced when he expressed indecision about whether to cooperate, then chose to cooperate, and the lack of a written waiver of his Miranda rights was not dispositive evidence that his waiver was involuntary).

### C.    The Convictions at Trial

After a two-day jury trial beginning on January 12, 1993, MATHEWS was found guilty of six felony counts: Count 1 - conspiracy to bomb property in and affecting interstate commerce, in violation of 18 U.S.C. §§ 371 and 844(i)(2); Count 2 - bombing property in and affecting interstate commerce causing injury, in violation of 18 U.S.C. § 844(i), and aiding and abetting under 18 U.S.C. § 2; Count 3 - using and carrying a firearm (the bomb) during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and (c)(2); Count 5 - felon in possession of a firearm (a bomb), in violation of 18 U.S.C. §§ 922(g)(1) and 924e(1); Count 6 - unlawfully manufacturing the bomb, in violation of 26 U.S.C. §§ 6861(f)(2), 5871, and aiding and abetting under 18 U.S.C. § 2; and Count 7 - unlawful possession of an unregistered firearm (the bomb) in violation of 28 U.S.C. §§ 5861(d), 5871, and aiding and abetting under 18 U.S.C. § 2.

### D.    The Sentencing and Re-sentencings

On April 12, 1993, MATHEWS was sentenced to 15 years and eight months imprisonment on Count two, and to 30 years imprisonment, consecutive to Count 2, on Count 3, as well concurrent terms as to the other counts.  The total sentence imposed on MATHEWS was 548 months, that is, 45 years and 8 months.  MATHEWS timely appealed his convictions and the sentence imposed.

On September 13, 1994, the Ninth Circuit affirmed the convictions, but remanded for resentencing.  See Mathews, 36 F.3d 821.  The Ninth Circuit held that it was "not clear by even a preponderance of the evidence that [MATHEWS] had the intent requisite to constitute first degree murder" for purposes of the application of USSG § 2A2.1.  Id. at 823-24.

The first resentencing hearing was held on July 31, 1995.  At the resentencing hearing,  MATHEWS was sentenced to 12 years and seven months imprisonment on Count two,30 years imprisonment on Count 3 (to run consecutively to Count 2), as well concurrent terms as to the other counts.  On resentencing, the total sentence imposed on

MATHEWS was 511 months, that is, 42 years and seven months. MATHEWS timely appealed the sentence imposed.

On July 17, 1997, the Ninth Circuit vacated the sentence, and remanded for resentencing after concluding that an upward departure imposed on resentencing was "unreasonable." See Mathews, 120 F.3d at 188-190. The Ninth Circuit held that the district court's four-level upward departure from the guidelines by analogizing the risk to the minor assault guideline, rather than employing the grouping rules, was unreasonable. Id.

The second resentencing hearing was held on October 14, 1997. At the second resentencing hearing, MATHEWS was sentenced to 11 years and three months imprisonment on Count two, and 30 years imprisonment on Count 3 (to run consecutively to Count 2), as well concurrent terms as to the other counts. On the second resentencing, the total sentence imposed on MATHEWS was 495 months, that is, 41 years and three months. The judgment and commitment after the second resentencing was filed on October 24, 1997, and entered on October 31, 1997. A copy of the Judgment and Commitment, entered on October 31, 1997, is attached hereto as **Exhibit 1**. MATHEWS did not timely file a notice of appeal to appeal the sentence imposed at the second resentencing.

On or about February 17, 1998, the district court issued an Order denying motion for certificate of appealability because probable cause did not exist for any appeal.

On or about April 14, 1998, a record on notice of appeal was sent to the Ninth Circuit.

MATHEWS did not file any file any motions under 28 U.S.C. § 2255 within the one-year contemplated under AEDPA.

On June 2, 2016, MATHEWS filed a 2255 Motion, asking this Court to vacate his current sentence, and re-sentence him. MATHEWS contends that Bombing Property in and Affecting Interstate Commerce, in violation of 18 U.S.C. § 844(i), is not a crime of violence for purposes of 18 U.S.C. § 924(c). He is wrong.

## III

## ARGUMENT

### A.    Legal Background

A prisoner may seek to vacate, set aside or correct his sentence under 28 U.S.C. § 2255(a) on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

Johnson examined language from the Armed Career Criminal Act ("ACCA"), which provides for a mandatory minimum sentence of 15 years of imprisonment for a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony" or a "serious drug offense."  18 U.S.C. § 924(e).

There are three "clauses" in the statute defining what type of crime qualifies as a "violent felony" for purposes of the ACCA:

- The "elements" clause: "has as an element the use, or attempted use, or threatened use of physical force against the person of another;"

- The "enumerated offenses" clause: "is burglary, arson, or extortion, [or] involves use of explosives;" and

- The "residual" clause:  "or otherwise involves conduct that presents a serious potential risk of physical injury to another."

18 U.S.C. § 924(e)(2)(B).

In Johnson, the Supreme Court held that imposing an increased sentence under ACCA's residual clause -- that is, the provision that defines a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another" -- violates the Due Process Clause because the residual clause is impermissibly vague.  135 S.Ct. at 2557.  Because no "principled and objective standard" could identify what crimes fell under the language of the residual clause, the Supreme Court held that it "both denies fair notice to defendants and invites arbitrary enforcement by judges."  Id.  In

6

so doing, the Supreme Court overruled its decisions in James v. United States, 550 U.S. 192 (2007), and Sykes v. United States, 564 U.S. 1 (2011), in which it had previously rejected vagueness challenges to the residual clause. 135 S.Ct. at 2563. However, the Supreme Court explicitly noted that its decision "does not call into question application of [ACCA] to . . . the remainder of the Act's definition of a violent felony," including (1) "the elements clause" that "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), and (2) "the enumerated offenses" clause that includes "burglary, arson, or extortion, [or] involves use of explosives[2]," 18 U.S.C. § 924(e)(2)(B)(ii). 135 S. Ct. at 2563.

## B. Procedural Bar

In his initial appeal to the Ninth Circuit, MATHEWS failed to appeal the trial court's instructions to the jury that § 844(i) was a crime of violence within the definition of § 924(c). Mathews, 36 F.3d 821.[3] Moreover, there can be no contention that MATHEWS' arguments regarding the elements or force clause were unavailable to him (because they are not based on Johnson, 135 S.Ct. at 2557, which specifically invalidated the residual clause to the ACCA), those arguments were waived and should be denied. Id.

"The general rule in federal habeas cases is that a defendant who fails to raise a claim on direct appeal is barred from raising it on collateral review." Sanchez-Llamas v. Oregon, 548 U.S. 331, 350-51 (2006). A defendant can overcome that bar if he shows

---

[2]     Ironically, if this case could have been prosecuted under the ACCA, the § 844(i) conviction would have qualified as a violent felony under the enumerated offenses clause to the ACCA because the crime certainly involved "the use of explosives."

[3]     Assuming MATHEWS failed to object to court's instructions to the jury that § 844(i) was a crime of violence within the definition of § 924(c), the omission to object could be considered a waiver by tacit acquiescence of any claim that it was error to instruct the jury that § 844(i) was a crime of violence within the definition of § 924(c). See United States v. Tsarnaev, No. CR 13-10200-GAO, 2016 U.S. Dist. LEXIS 5428 n.22 at *51 (D. Mass. Jan. 15, 2016). Unfortunately, counsel was unable to locate the trial transcript, so it is unclear whether MATHEWS objected to any jury instructions. In any event, MATHEWS failed to appeal any jury instruction issues to the Ninth Circuit.

cause and prejudice for his procedural default.[4]  See id. at 351; see also United States v. Ratigan, 351 F.3d 957, 962 (9th Cir. 2003) ("A § 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default.").  The failure to even try to shoulder his burden to establish cause and prejudice alone is grounds to deny the motion.

Nor can MATHEWS show cause and prejudice.  To show "cause," a defendant "must ordinarily . . . show that some factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule."  Murray v. Carrier, 477 U.S. 478, 488 (1986); see Manning v. Foster, 224 F.3d 1129, 1133 (9th Cir. 2000).  The Supreme Court has made clear, however, that "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default."  Murray, 477 U.S. at 486.  It has excused procedural default on collateral review therefore only (1) where, in a state court proceeding, the claim was "novel," Reed v. Ross, 468 U.S. 1, 16 (1984), (2) where the defendant received ineffective assistance of counsel, Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (ineffective assistance will excuse default "in certain circumstances"), or (3) where the defendant is actually innocent.  McQuiggin v. Perkins, 133 S. Ct. 1924, 1932 (2013).

None of those exceptions applies here.  Adverse authority is inadequate to establish the type of "futility" that could excuse a procedural default.  "[F]utility cannot constitute

---

[4]  In other contexts, a defendant may establish "actual innocence" to excuse procedural default as well.  But the "actual innocence" exception is not satisfied by a guidelines calculation error.  See Gibbs v. United States, 655 F.3d 473, 478 (6th Cir. 2011) ("Even if the 'actual innocence' exception applies in some noncapital sentencing contexts, we believe that the exception does not permit prisoners to raise claims about guidelines calculations in a collateral attack."); Gilbert v. United States, 640 F.3d 1293, 1322 (11th Cir. 2011) (no application of "actual innocence" exception in mandatory guidelines contexts, in part because defendant would be "statutorily eligible" for same sentence without career offender designation); see also Dretke v. Haley, 541 U.S. 386, 393-94 (2004) (Supreme Court has not decided whether actual innocence applies to non-capital sentence); Sawyer v. Whitley, 505 U.S. 333, 341 (1992) (in the capital sentencing context "the exception for 'actual innocence' is a very narrow exception" addressing eligibility for capital punishment").

cause if it means simply that a claim was unacceptable to that particular court at that particular time." Bousley v. United States, 523 U.S. 614, 623 (1998) (internal quotation marks omitted); Engle v. Isaac, 456 U.S. 107, 130 n.35 (1982). Although Johnson overruled James and Sykes, two prior Supreme Court decisions finding that the language in the residual clause was not vague, that adverse authority was not, standing alone, sufficient to establish cause.

That is because the argument in Johnson is not "novel" within the meaning of Reed. The history of Johnson demonstrates that there is no reason to excuse procedural default for a claim, like vagueness, that is not novel. Although the non-vagueness holdings in James and Sykes were binding, there were hints from the Court that those holdings might be re-examined. Prior to Johnson, the Court struggled with the parameters of ACCA's residual clause on four occasions in a six-year span: Begay v. United States, 553 U.S. 137 (2008) (DUI: out); Sykes v. United States, 131 S. Ct. 2267 (2011) (vehicular flight: in); Chambers v. United States, 555 U.S. 122 (2009) (failure to report: out); James v. United States, 550 U.S. 192 (2007) (attempted burglary: in). Justice Scalia repeatedly urged his brethren to "grant certiorari, declare ACCA's residual provision to be unconstitutionally vague, and ring down the curtain on the ACCA farce playing in federal courts throughout the Nation." Derby v. United States, 131 S. Ct. 2858, 2860 (2011) (dissenting from the denial of certiorari). Other Justices made a similar point in urging a congressional fix. See Chambers, 555 U.S. at 133 (Alito, J., concurring in the judgment, joined by Thomas, J.) ("ACCA's residual clause is nearly impossible to apply consistently. [T]he only tenable, long-term solution is for Congress to formulate a specific list of expressly defined crimes that are deemed to be worthy of ACCA's sentencing enhancement.").

It therefore is beyond dispute that an attorney could have anticipated a challenge to the residual clause on vagueness grounds. And in fact, in Johnson itself, the defendant had argued that the clause was unconstitutionally vague in the Eighth Circuit, preserving the issue and positioning himself to benefit from a favorable Supreme Court ruling.

United States v. Johnson, 526 F. App'x. 708, 711-12 (8th Cir. 2013) (rejecting Johnson's vagueness challenge). MATHEWS, too, could have pursued Johnson's path. When MATHEWS was initially convicted and sentenced, he could have challenged his convictions under §§ 924(c) and 844(i) on vagueness grounds. MATHEWS did not do so.

MATHEWS cannot establish cause by claiming ineffective assistance of counsel in failing to raise a Johnson claim, either. To show ineffective assistance of counsel, MATHEWS must establish deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668 (1984); Hedlund v. Ryan, 815 F.3d 1233, 1250 (9th Cir. 2016). MATHEWS cannot show that counsel's performance was so deficient that it "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 686. Although the vagueness challenge is not novel within the meaning of Reed, it was nonetheless established that the weight of authority cut against residual clause challenges. Failing to anticipate or secure a change in the law is not deficient performance. See Smith v. Murray, 477 U.S. 527, 535-36 (1986) (failure to anticipate a court's willingness to reconsider precedent is not deficient performance); Bailey v. Newland, 263 F.3d 1022, 1028-29 (9th Cir. 2001) (failure to raise a weak issue on appeal did not constitute ineffective assistance of counsel); Miller v. Keeney, 882 F.2d 1428, 1434-35 (9th Cir. 1989) (same); see also Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994) ("[A] lawyer cannot be required to anticipate our decision in this later case, because his conduct must be evaluated for purposes of the performance standard of Strickland "as of the time of counsel's conduct."). Because MATHEWS cannot show cause, he may not raise his vagueness challenge for the first time in his habeas petition here.

Even if MATHEWS could establish "cause," he must still show "prejudice" to excuse his procedural default. To establish "prejudice," a defendant must show that he suffered actual prejudice from the error that he alleges. See United States v. Frady, 456 U.S. 152, 168 (1982). In particular, a defendant must show that the alleged error "'worked to his actual and substantial disadvantage.'" United States v. Braswell, 501 F.3d 1147, 1150 (9th Cir. 2007) (emphasis in original) (quoting Frady, 456 U.S. at 170). A

defendant must demonstrate prejudice "significantly greater than that necessary" under the plain error standard. Murray, 477 U.S. at 493-94.

MATHEWS cannot meet the heavy burden of establishing prejudice. Like the other district courts that have dismissed Johnson 2255 petitions for procedural default, this court should dismiss MATHEWS's for failure to establish cause and prejudice. See Ross v. United States, 2016 WL 2642272, *3 (E.D. Wis. May 6, 2016) (finding Johnson claim barred by cause-and-prejudice standard); Clark v. United States, 2016 WL 845271, at *25 (E.D. Wisc. Mar. 4, 2016) (same); Williams v. United States, 2016 WL 183496, at *3 (W.D.N.C. Jan. 14, 2016) (same). [5]

## C.    Proceedings Should Be Stayed

As previously explained, the United States moves this Court to stay these proceedings pending the decision of the Ninth Circuit in Begay. The Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863–64 (9th Cir. 1979). That is the case here.

The Ninth Circuit's pending decision in Begay, which has been under submission since May 26, 2016, will directly resolve one of the issues in MATHEWS' 2255 motion, that is, whether Johnson invalidates the residual clause under 18 U.S.C. § 924(c). In similar cases, the Ninth Circuit itself has suggested that the "district court may wish to stay proceedings pending" the decision in Begay. See Berry, 2016 U.S. App. LEXIS

---

[5]    Other district courts have declined to find procedural default. See, e.g., United States v. Dean, 2016 WL 1060229, at *5-*12 (D. Or. Mar. 15, 2016); Cummings v. United States, 2016 WL 799267, at *6-*8 (E.D. Wis. Feb. 29, 2016). But none appeared to have the same type of prejudice argument that governs this case.

12176 at*1.  Because MATHEWS would not be unduly prejudiced and judicial economy would be well-served by a stay pending the decision of <u>Begay</u>, this Court should stay these proceedings.  Furthermore, the Court should allow the parties to supplement their pleadings to address the issues addressed or resolved by the decision in <u>Begay</u>.

### D.      <u>Johnson</u> Should Not Be Applied Retroactively

If this Court elects to proceed on the merits, MATHEWS's motion should be denied because <u>Johnson</u> does not apply retroactively to collateral cases challenging federal sentences.   Though <u>Johnson</u> represents a new rule, it is neither a substantive nor a watershed rule of procedure, and is not retroactively available to already-sentenced offenders like MATHEWS.

### E.      <u>Merits Bar -- § 844(i) Conviction is a Crime of Violence</u>

Section 924(c)(3) defines "crime of violence" as a felony offense that

(A)  has an element of the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Paragraph (A) to section 924(c)(3) is commonly referred to as the "elements" or "force" clause, and paragraph (B) is commonly referred to the "residual" clause.

Title 18, United States Code, Section 844(i), in pertinent part, provides:

Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or explosive any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not less than five years and not more than 20 years, fined under this title or both; . . .

18 U.S.C. 844(i).

MATHEWS' conviction for Bombing Property in and Affecting Interstate Commerce Causing Injury, in violation of 18 U.S.C. § 844(i), *is* a crime of violence regardless of whether the crime is analyzed under the "elements" or "force" clause, or the residual clause.

12

### 1. Elements or Force Clause - § 924(c)(3)(A)

Under 924(c)(3)(A), the elements or force clause, an offense is a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." The term "physical force" means "violent force" that is "force capable of causing physical pain or injury to another person. Johnson, 559 S. Ct. at 140. A crime has an element of the "use of physical force" if committing it requires the use of matter or energy sufficient to cause physical pain or injury. Contrary to MATHEWS' assertions, there is no additional requirement that the matter or energy be deployed using physical violence. The delivery or placement of a bomb is no less a use of a violent "physical force" than the discharge or detonation of that bomb because it is the bomb itself that constitutes the violent physical force required by § 924(c)(3)(A). See Tsarnaev, 2016 U.S. Dist. LEXIS 5428 at *54-*55 ("The defendant's argument that the crimes of use of a weapon of mass destruction, bombing of a public place, and malicious destruction of property by fire or explosive are not by their nature 'violent' enough to be considered 'crime[s] of violence' is refuted by its mere statement.").

When a "destructive force" such as an explosive device or fire is "maliciously set in motion by human hand" for the purpose of bombing or burning a home, a "'physical force' is used against a property of another." Mbea v. Gonzales, 482 F.3d 276, 280 (4th Cir. 2007) (malicious burning of property proscribed in D.C. Code § 22-401 was a crime of violence). A defendant's malicious attempt to damage and destroy property by means of a bomb, plainly involves the use of physical matter or energy sufficient to cause physical injury. Consequently, § 844(i) is a crime of violence under the elements or force clause. See United States v. Mitchell, 23 F.3d 1, 2-4 (1st Cir. 1994) (per curiam)(conspiracy to commit arson, and aiding and abetting the commission of arson under § 844(i) constitute crimes of violence under 18 U.S.C. § 3156(a)(4)); United States v. Shaker, 665 F. Supp. 698, 702 n. 4 (N.D. Ind. 1987) (same).

Likewise, conspiracy to commit § 844(i) is also a crime of violence. Mitchell, 23 F.3d at 2-4 (conspiracy to commit arson under § 844(i) is a crime of violence); see also United States v. Mendez, 992 F.2d 1488, 1491-92 (9th Cir. 1993) (conspiracy to rob is a crime of violence under § 924(c)(3); United States v. Morrison, 972 F.2d 269, 270-71 (9th Cir. 1992) (per curiam) (aiding and abetting the malicious destruction of property); United States v. Turner, 501 F.3d 59, 67 (1st Cir. 2007) ("when a conspiracy exists to commit a crime of violence . . . the conspiracy itself poses a substantial risk of violence.").

MATHEWS' argument that § 844(i) is not a crime of violence because the statute does not require that the property (that is bombed or burned) belong to another person ignores that § 844(i) requires an interstate commerce connection and privately-owned residences do not generally qualify under § 844(i). See United States v. Pappadopoulos, 64 F.3d 522 (9th Cir. 1995) (reversing arson conviction under § 844(i) where the only interstate commerce was that the defendant's home received natural gas from a company that received some of its natural gas from an out-of-state source); United States v. Mennuti, 639 F.2d 107 (2d Cir. 1981) (§ 844(i) does not include private residences). MATHEWS' argument also ignores the nature of the crimes of arson or bombing "ordinarily carries with it a substantial risk to the 'property of another.'" United States v. Marzullo, 780 F. Supp. 658, 662-63 (W.D. Mo. 1991) (arson is an offense "by its nature involves a substantial risk that physical force against the person or the property of another would be used"). The risk that bombing and fire "will impinge upon other structures may include the spread to occupied structures putting the 'property of another' at risk." Id. at 663. There is also a substantial risk that another person such as firefighting personnel, investigative personnel, a lessee, neighbor, or a passer-by like James Wilson (who was blinded, deafened, suffered burns, lacerations, fractures, lost a finger, and eventually died) will be injured by the physical force of the explosive. Id.

MATHEWS' argument that § 844(i) is not a crime of violence because it does not require an intentional act ignores that the plain language of § 844(i) requires that the arson or bombing be committed "maliciously." See Torres v. Lynch, 136 S. Ct. 1619 (2016)

14

(New York law prohibiting *intentionally* damaging or attempting to damage a building by starting a fire or causing an explosion matches § 844(i), except for the interstate commerce connection); United States v. Scharber, 772 F.3d 1147, 1150 (8th Cir. 2014)("We perceive 'little difference' between the term 'maliciously' as used in [§ 844(i)] and the 'following mental states: intentionally, willfully, [ ] wantonly, and knowingly.'").

## 2.  Residual Clause - § 924(c)(3)(B)

Under the residual clause in § 924(c)(3)(B), an offense is a "crime of violence" if "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." MATHEWS contends that the Supreme Court's holding in Johnson, extends to invalidate the residual clause under § 924(C)(3)(B) as unconstitutionally vague. In Johnson, the Supreme Court invalidated the ACCA's residual clause under § 924(e)(2)(B) in all of its applications because it considered the provision "a judicial morass that defies systematic solution, a black hole of confusion and uncertainty that frustrates any effort to import some sense of order and direction." Johnson, 135 S. Ct. at 2562. The same is not true of § 924(c)(3)(B).

"Section 924(c)(3)(B)'s residual clause is the very type of statute that the Johnson Court explained would not be unconstitutionally vague under its holding." United States v. Prickett, No. 15-3486, 2016 U.S. App. LEXIS 13636 at*3 (8th Cir. July 27, 2016) (per curiam); United States v. Hill, No. 14-3872-cr, 2016 U.S. App. LEXIS 14118 at *26-*41 (2d Cir. Aug. 3, 2016) (Johnson did not render § 924(c)(3)(B) void for vagueness); United States v. Taylor, 814 F.3d 340, 379 (6th Cir. 2016) ("There are significant differences making the definition of 'crime of violence' in § 924(c)(3)(B) narrower than the definition of 'violent felony' in the ACCA residual clause."); Tsarnaev, 2016 U.S. Dist. LEXIS 5428 at *43-*49 (Johnson "neither requires nor counsels the conclusion that 924(c)'s residual clause is unconstitutionally vague"); Vasquez v. United States, No. 13-cr-58(KBF), 16-cv-3871(KGF), 2016 U.S. Dist. LEXIS 89816 at *15 (S.D. N.Y. July 11, 2016) (the logic of Johnson does not invalidate the residual clause of § 924(c)(3)(B) which is narrower and more determinate than § 924(e)(2)(B)). Unlike the ACCA's

15

residual clause, section 924(c)(3)(B)'s residual clause "operates on 'real-world facts.'" Prickett, 2016 U.S. App. LEXIS 13636 at*3. The real-world facts of this case are violent, intentional, and malicious. MATHEWS' violation of § 844(i) by its nature, involved a substantial risk that physical force against the person or property of another may be used in the course of committing the bombing offense.

The United States recognizes that the Ninth Circuit has struck down the residual clause of 18 U.S.C. § 16(b), as incorporated by the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(F), as being void for vagueness. See Dimaya v. Lynch, 803 F.3d 1110, 1111 (9th Cir. 2015), petition for cert. filed, June 13, 2016 (No. 15-1498).[6] However, Dimaya is not controlling because the Ninth Circuit expressly declined to "reach the constitutionality of applications of 18 U.S.C. § 16(b) outside of 8 U.S.C. § 1101(a)(43)(F) or to cast any doubt on the constitutionality of 18 U.S.C. § 16(a)'s definition of a crime of violence." Dimaya, 803 F.3d at 1120 n.17.

The residual clause of § 924(c)(3)(B) (defining "crime of violence") is distinguishable from the ACCA residual clause, § 924(e)(2)(B) (defining "violent felony") for at least five reasons. First, § 924(c)(3)(B)'s "substantial risk" standard is narrower that 924(e)(2)(B)'s "potential risk standard" which, by combining the words "potential" and "risk" references the "possibility of a possibility – the chance of a chance." United States v. Dervishaj, No. 13-CR-0668 (ENV), 2016 U.S. Dist. LEXIS 33342 (E.D. N.Y. Mar. 14, 2016).

---

[6]  The Government acknowledges that following the opinions in Johnson and Dimaya, several district courts within the Ninth Circuit have concluded the residual clause under § 924(c)(3)(B) is unconstitutionally vague. See United States v. Baires-Reyes, No. 15-cr-00122-EMC-2, 2016 U.S. Dist. LEXIS 74192 (N.D. Cal. June 7, 2016); United States v. Lattanaphom, No. 2:99-00433 WBS, 2016 U.S. Dist. LEXIS 12368 (E.D. Cal. Feb. 2, 2016); United States v. Bell, No. 15-cr-00258-WHO, 2016 U.S. Dist. LEXIS 11035 (N.D. Cal. Jan. 28, 2016). These district court opinions are not controlling and pre-date the Eighth Circuit's per curiam opinion in Prickett, and the Second Circuit's opinion in Hill, as well as other opinions that address vagueness challenges to the residual clause under § 924(c)(3)(B). Additionally, in United States v. Gonzalez-Longoria, No. 15-40041, 2016 U.S. App. LEXIS 14460 (5th Cir. Aug. 5, 2016) (per curiam), the Fifth Circuit recently held that section 16(b) was not unconstitutionally vague on its face because the concerns that led the Supreme Court to invalidate the residual clause of the ACCA did not cause the same problems in the context of § 16(b).

Second, unlike § 924(e)(2)(B), § 924(c)(3)(B) does not contain a confusing list of enumerated crimes through which a court must analyze the term "substantial risk." The enumerated crimes – burglary, arson, extortion, and crimes involving the use of explosives – complicated the interpretation of "serious potential risk" because these offenses were "far from clear in respect to the degree of risk each poses." Johnson, 135 S. Ct. at 2558.

By contrast, § 924(c)(3)(B) "does not complicate the level-of-risk inquiry by linking the 'substantial risk' standard, through the word otherwise, 'to a confusing list of examples.'" Taylor, 814 F.3d at 379.

Third, the residual clauses differ in that § 924(c)(3)(B) focuses on the risk of "physical force," whereas § 924(e)(2)(B) focuses on the risk of "physical injury." This is a significant distinction because the "qualitative risk of harm necessary to bring the alleged offense conduct within the orbit of the residual clause's proscription" is a narrower and clearer inquiry with respect to § 924(c)(3)(B). See Gonzalez-Longoria, 2016 U.S. App. LEXIS 14460 at *10 ("Risk of physical force is more definite than risk of physical injury"); Dervishaj, 2016 U.S. Dist. LEXIS 33342. Courts have observed that the universe of crimes involving a substantial risk of injury (which required courts to speculate about post-crime consequences) is far broader than those involving a substantial risk of force used during the crime itself. See Leocal v. Ashcroft, 543 U.S. 1, 10 n.7 (2004).

Fourth, § 924(c)(3)(B) is narrower and clearer than § 924(e)(2)(B) in that it "contains the explicit temporal qualifying limitation of occurring in the course of committing the offense[, which] is a qualification that the Supreme Court found conspicuously and problematically missing in ACCA's residual clause." Dervishaj, 2016 U.S. Dist. LEXIS 33342; Johnson, 135 S. Ct. at 2559. The question of how remote the risk must be from the predicate crime is therefore not present for § 924(c)(3)(B).

Fifth, whereas the Johnson Court found significant its "repeated failures to craft a principled and objective standard" out of ACCA's residual clause of § 924(e)(2)(B) and the numerous splits among the lower federal courts as to how to apply the ACCA,

§ 924(c)(3)(B) has faced far less confusion in the lower courts and has been largely perceived as having been construed in a principled and objective way.  See Johnson, 135 S. Ct. at 2559; Dervishaj, 2016 U.S. Dist. LEXIS 33342.

Even assuming that § 924(c)(3)(B) is vague in some applications, MATHEWS has failed to show that it is vague *as applied* to him.  See Tsarnaev, 2016 U.S. Dist. LEXIS 5428 at *45-*46  n. 21 ("Section 924(c) operates necessarily in an 'as applied' context"; "the focus of § 924(c)(3)(B) must necessarily be on the specific 'case' alleged in the indictment.").  "The void for vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."  Kolender v. Lawson, 461 U.S. 352, 357 (1983).   Johnson did not overrule the Supreme Court's numerous cases requiring a court to analyze vagueness challenges -- outside the First Amendment context -- on the facts of the particular case before it.  See, e.g., Holder v. Humanitarian Law Project, 561 U.S. 1, 18-19 (2010) ("We consider whether a statute is vague as applied to the particular facts at issue[.]"); Chapman v. United States, 500 U.S. 453 U.S. 467 (1991) (vagueness challenge to sentencing statute).

Under the facts of this case, MATHEWS' act in aiding and abetting another person to strategically place a bomb (containing steel balls designed to cause severe injury to any person or property near it) "involve[d] a substantial risk that physical force against the person or property of another [was] used in the course of committing the offense."  18 U.S.C. § 924(c)(3)(B); United States v. Monroe, 178 F.3d 304, 308-309 (5th Cir. 1999) (Section 844(i) was not unconstitutionally vague as applied because an ordinary person would understand that defendant's action (removing a valve on a pipe causing natural gas to spew into an apartment) willfully disregarded the likelihood that damage or injury would result, and therefore was malicious).  As applied to the violent malicious crime committed by MATHEWS, § 924(c)(3)(B) is certainly not vague.

# IV

## **CONCLUSION**

This Court should stay the proceedings regarding MATHEWS's 2255 motion while the Ninth Circuit considers <u>Begay</u>.  The Court should then set a new briefing schedule for the parties to re-address the issues in light of the new opinion.  Otherwise, MATHEWS' 2255 motion should be denied.

DATED: August 22, 2016    Respectfully submitted,

LAURA E. DUFFY
United States Attorney


/s/ TIMOTHY F. SALEL
TIMOTHY F. SALEL
Assistant U.S. Attorney

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 91-cr-0663-BEN |
| v. | Related Case Nos.16-cv-1542-BEN and<br>16-cv-1356-BEN |
| RICHARD GLEN MATHEWS,<br>Defendant. | **CERTIFICATE OF SERVICE** |

I, the undersigned, declare under penalty of perjury that I have served the foregoing document on the above-captioned party(ies) by:

■ electronically filing it with the U.S. District Court for the Southern District of California using its ECF System, which electronically notifies the party(ies).

☐ causing the foregoing to be mailed by first class mail to the parties identified with the District Court Clerk on the ECF System.

☐ causing the foregoing to be mailed by first class mail to the following non-ECF participant at the last known address, at which place there is delivery service of mail from the United States Postal Service:

Executed on August 22, 2016.

<u>/s/ TIMOTHY F. SALEL</u>
TIMOTHY F. SALEL
Assistant U.S. Attorney

# EXHIBIT 1

**FILED**

OCT 2 4 1997

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPU

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

vs.

**JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT**

RICHARD GLEN MATHEWS (2)

CRIMINAL CASE NO. 91CR0663-B

THOMAS SAUER
DEFENDANT'S ATTORNEY

THE SENTENCE IMPOSED ON JULY 31, 1995 IS HEREBY VACATED PURSUANT TO THE NINTH CIRCUIT COURT OF APPEALS JUDGMENT FILED AND ENTERED ON OCTOBER 14, 1997

THE DEFENDANT:
__X__ was found guilty on count(s) __1,2,3,AND 5-7__ AFTER A PLEA OF NOT GUILTY

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE OF OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 18 USC 371,844(I) | CONSPIRACY BOMB PROPERTY IN AND AFFECTING INTERSTATE COMMERCE | 1 |
| 18 USC 844(i),2 | BOMBING PROPERTY IN AND AFFECTING INTERSTATE COMMERCE CAUSING INJURY | 2 |
| 18 USC 924(c)(1),2 | USE AND CARRYING A FIREARM DURING A CRIME OF VIOLENCE | 3 |
| 18 USC 922(g)(1) | FELON IN POSSESSION OF FIREARM | 5 |
| 26 USC 6861(f),5871 | UNLAWFUL MANUFACTURE OF A DESTRUCTIVE | 6 |
| 18 USC 2 | DEVICE | |
| 21 USC 5861 & 5871 | UNLAWFUL POSSESSION OF AN UNREGISTERED FIREARM AIDING AND ABETTING | 7 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__ The defendant has been found not guilty on count(s) _____ and is discharged as to such count(s).
__X__ COUNTS 9 AND 10 WERE dismissed on the motion of the United States.
__X__ It is ordered that the defendant shall pay to the United States a special assessment of $ 300 ($50 AS TO EACH COUNT) Which shall be due immediately.
__X__ FINE WAIVED

It is further ordered that the defendant shall notify the United States Attorney for this district within thirty days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid.

ENTERED ON 10/31/97       91CR0663

**Exhibit 1**     118

Judgment - Page __2__ of __4__

DEFENDANT: RICHARD GLEN MATHEWS (2)
CASE NUMBER: 91CR0663-B

### IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of
_60 MONTHS ON COUNT 1_
_135 MONTHS ON COUNTS 2.5-7 CONCURRENTLY AND CONCURRENT TO COUNT 1_
_360 MONTHS ON COUNT 3 CONSECUTIVELY TO ALL OTHER COUNTS_
_495 MONTHS TOTAL_

_____ The Court makes the following recommendations to the Bureau of Prison: INCARCERATION BE AS CLOSE                    , AS FACILITIES AND SECURITY LEVEL WILL PERMIT,

___ The defendant is remanded to the custody of the United States Marshal.

_____ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

_____ before 2 p.m. on _____.

_____ as notified by the United States Marshal.

_____ as notified by the Probation Office.

### RETURN

I have executed this Judgment as follows:

_____

_____

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
   Deputy Marshal

DEFENDANT: RICHARD GLEN MATHEWS (2)                    JUDGMENT PAGE _3_ OF _4_
CASE NUMBER: 91CR0663-B

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for
a term of _____ 5 YEARS ALL COUNTS CONCURRENTLY _____

The defendant shall report to the probation office in the district to which the
defendant is released within 72 hours of release from the custody of the Bureau of
Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

   The defendant shall refrain from any unlawful use of a controlled substance. The
   defendant shall submit to one drug test within 15 days of release from imprisonment
   and at least two periodic drug tests thereafter, as directed by the probation
   officer.

   ____The above drug testing condition is suspended based on the court's determination
that the defendant poses a low risk of future substance abuse. (Check if applicable.)

_X_ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check,
if applicable.)

   If this judgment imposes a fine or a restitution obligation, it shall be a
condition of supervised release that the defendant pay any such fine or restitution
that remains unpaid at the commencement of the term of supervised release in
accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties
sheet of this judgment.

The defendant shall comply with additional conditions indicated  below. and the
standard conditions that have adopted by this court on the attached page.


_X_NOT POSSESS FIREARMS, DANGEROUS WEAPONS OR EXPLOSIVES,

_X_SUBMIT TO A SEARCH OF PERSON OR PROPERTY CONDUCTED IN A REASONABLE MANNER AND
AT A REASONABLE TIME BY THE PROBATION DEPARTMENT

_X____PARTICIPATE IN A DRUG AND OR ALCOHOL PROGRAM INCLUDING TESTING AND
COUNSELING AS DIRECTED BY THE PROBATION DEPARTMENT

____IF DEPORTED, EXCLUDED OR ALLOWED TO VOLUNTARILY RETURN TO
DEFENDANT'S NATIVE COUNTRY, THAT HE NOT REENTER THE UNITED STATES
ILLEGALLY AND REPORT TO THE PROBATION DEPARTMENT WITHIN TWENTY-FOUR (24) HOURS
OF ANY REENTRY INTO THE UNITED STATES. SUPERVISION IS WAIVED UPON DEPORTATION,
EXCLUSION OR VOLUNTARY DEPARTURE

_X_REPORT ALL VEHICLES OWNED, OPERATED OR THAT THE DEFENDANT HAS AN INTEREST
THEREIN, TO THE PROBATION DEPARTMENT

_X_RESOLVE ALL OUTSTANDING WARRANTS WITHIN 60 DAYS AFTER RELEASE FROM CUSTODY

DEFENDANT: RICHARD GLEN MATHEWS (2)                                    PAGE  4  OF  4
CASE NO. 91cr0663-B

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state or local crime;
2) The defendant shall not leave the judicial district without the permission of the court or probation officer;
3) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) The defendant shall support his or her dependents and meet other family responsibilities;
6) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
7) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) The defendant shall refrain from excessive use of alcohol and shall not purchase, use, distribute, or administer any narcotic or controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

DATE OF IMPOSITION OF SENTENCE:  OCTOBER 14, 1997

RUDI M. BREWSTER,
UNITED STATES DISTRICT JUDGE

91CR0663