

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GLEN MATHEWS,<br><br>         Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | Case No.: 3:16-cv-1356-BEN<br>      3:91-cr-0663-BEN-2<br><br>**ORDER DENYING MOTION**<br>**[Doc. 1]** |

Movant Richard Glen Mathews filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. For the reasons discussed below, the motion is **DENIED**.

### I. BACKGROUND

On the morning of May 15, 1991, James Wilson walked through the alley behind Ebony Street in Imperial Beach, California, picking up aluminum cans. *United States v. Mathews*, 36 F.3d 821, 822 (9th Cir. 1994). Wilson noticed a box near 120 Ebony Street, a residence rented by the president of the Mongols motorcycle gang's San Diego Chapter. *Id.* When Wilson picked up the box, a bomb within it detonated, blinding and deafening Wilson. *Id.* Wilson additionally suffered severe burns, lacerations, multiple fractures, and lost a finger. *Id.* He died seven months later. *Id.*

Movant Richard Glen Mathews and his co-conspirator, Michael Webb, were responsible for creating and planting the bomb that destroyed Wilson's life and ultimately, accelerated his death. *Id.* The bomb took three days to make and contained steel balls, designed to cause severe injury to any person or property nearby. *Id.*

Following a jury trial in 1993, Movant was convicted of six felony counts: Count 1 – conspiracy to bomb property in and affecting interstate commerce, in violation of 18 U.S.C. §§ 371 and 844(i)(2); Count 2 – bombing property in and affecting interstate commerce causing injury, in violation of 18 U.S.C. § 844(i), and aiding and abetting under 18 U.S.C. § 2; Count 3 – using and carrying a firearm[1] during a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and (c)(2); Count 5 – felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1); Count 6 – unlawfully manufacturing the bomb, in violation of 26 U.S.C. §§ 5861(f)(2), 5871, and aiding and abetting under 18 U.S.C. § 2; and Count 7 – unlawful possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d), 5871, and aiding and abetting under 18 U.S.C. § 2.

Movant filed two direct appeals and was resentenced twice. At Movant's second resentencing hearing on October 14, 1997, he was sentenced to a total of 495 months imprisonment, consisting of:

- 60 months on Count 1;
- 135 months on Counts 2, 5-7, concurrently and concurrent to Count 1; and
- **360 months on Count 3, consecutively to all other counts.**[2]

As relevant here, Count 3 for using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and (c)(2), carried a mandatory minimum sentence of 30 years (360 months) to be served consecutively to the other sentences imposed.

---

[1] The "firearm" used in each of these counts was a bomb.

[2] Movant was initially sentenced on April 12, 1993 but was resentenced twice—first on July 31, 1995 and then on October 14, 1997. The sentence imposed on October 14, 1997 is the only sentence relevant here.

2

3:16-cv-1356-BEN
3:91-cr-0663-BEN-2

On February 17, 1998, the Court denied Movant's motion for a certificate of appealability, finding probable cause did not exist for any appeal. Movant did not file the instant § 2255 motion until June 2, 2016.

## II. DISCUSSION

Movant argues his 30-year sentence and conviction for Count 3 for using a bomb in the commission of a "crime of violence"—bombing under the federal arson statute, § 844(i)—must be vacated because his bombing conviction is *not* a "crime of violence," as defined by § 924(c)(3). In opposition, the government raises two procedural challenges: that Movant's motion is untimely under § 2255(f) and that Movant procedurally defaulted on his claim by failing to raise it on direct appeal. The Court considers these procedural arguments before turning to and rejecting the merits.

### A. Movant's Motion is Timely

Since 1997, § 2255 has had a one-year statute of limitations. *See* 28 U.S.C. § 2255(f). The statute begins to run at the latest of four possible dates, including "the date on which judgment of conviction becomes final" and "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* at § 2255(f)(1) and (3).

The government argues that Movant's motion is untimely because it was not filed within one year of judgment; rather, it was filed nineteen years later within one year of the Supreme Court's 2015 decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Although the government concedes that *Johnson* represents a "new rule," it argues that *Johnson* should not apply retroactively to an already-sentenced offender like Movant because "it is neither a substantive nor a watershed rule of procedure." Doc. 133 at 12.

The government's argument is belied by the Supreme Court's decision in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). In *Welch*, the Supreme Court held that *Johnson* was a substantive rule applying retroactively to cases on collateral review because it "changed the substantive reach of the [ACCA], altering 'the range of conduct or the class

3

of persons that the [Act] punishes.'" *Id.* at 1264-65. Thus, because Movant filed his § 2255 motion within one year of the June 26, 2015 *Johnson* decision, Movant's motion is timely under § 2255(f)(3).[3]

**B. Movant's Motion is Not Procedurally Barred**

The government additionally argues that, regardless of whether his motion is timely, Movant defaulted his *Johnson*-based claim by failing to appeal the Court's jury instruction that violation of § 844(i) was a "crime of violence" within the definition of § 924(c). Indeed, "[t]he general rule in federal habeas cases is that a defendant who fails to raise a claim on direct appeal is barred from raising it on collateral review." *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). A movant may overcome such default where (1) he demonstrates cause for the default and prejudice resulting from the violation of federal law, or (2) where the movant is "actually innocent" of the offense. *Bousley v. United States*, 523 U.S. 614, 622-23 (1998).

Here, contrary to the government's position, the Court cannot say definitively that Movant failed on direct appeal to challenge the Court's jury instruction regarding his "crime of violence" conviction. Because the relevant filings date back to the early 1990s, well before the United States Courts began using digitally-imaged filings, the Court has been unable to access the briefing relevant to Movant's arguments on appeal. Still, the record is clear that Movant did challenge on appeal the particular conviction at issue in this motion, Count 3. *See United States v. Mathews*, 36 F.3d 821, 823 (9th Cir. 1994) ("Mathews vigorously contends that sentencing on Counts 2 and 3 constitutes double

---

[3] Furthermore, like *Johnson*, the Supreme Court's 2019 decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) "changed the substantive reach of [§ 924(c)], altering 'the range of conduct or the class of persons the [statute] punishes.'" *Welch*, 136 S. Ct. at 1264-65. For that reason, *Davis* is likely another ground for excusing Movant's otherwise untimely motion because *Davis* appears to have announced a retroactive substantive rule applicable on collateral review, as conceded by the Solicitor General. *See* Brief for the United States, *United States v. Davis*, Sup. Ct. No. 18-431 (Feb. 12, 2019).

4

jeopardy and double punishment for the same conduct."). At minimum, then, the record reveals that Movant raised on direct appeal whether Congress intended to punish both the crime of bombing under § 844(i) and the crime of committing a "crime of violence"—the bombing—with a bomb under § 924(c). *See id.* Thus, the Court cannot conclusively say that Movant procedurally defaulted his claim. Regardless, the Court's consideration of his § 2255 motion reveals his claim lacks merit.

**C. The Merits**

Pursuant to Section 2255, Movant contends his conviction and sentence must be vacated because they were imposed in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2255; *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986). Specifically, Movant disputes his Count 3 conviction and sentence for 30 years to run consecutively for his "use and carrying a firearm during a crime of violence" under 18 U.S.C. § 924(c).

As a preliminary matter, Movant argues that the record does not reflect which of Movant's convictions was used as the predicate "crime of violence" for his § 924(c) sentence: conspiracy to violate § 844(i) or his actual violation of § 844(i). For that reason, Movant contends, "The Court must assume that [his] § 924(c) conviction was based on the conspiracy count." Doc. 135 at 8. Movant is mistaken. In the Ninth Circuit's opinion following Movant's first direct appeal, the Ninth Circuit identified the predicate crime used for Movant's Count 3 conviction, stating:

> After a jury trial, Mathews was found guilty of Count 1, conspiracy with Webb to bomb property in interstate commerce, in violation of 18 U.S.C. §§ 371 and 844(i); of Count 2 of bombing property in interstate commerce in violation of 18 U.S.C. § 844(i); of Count 3, using and carrying a firearm (the bomb) **during and in relation to the crime of violence charged in Count 2**, in violation of 18 U.S.C. §§ 924(c)(1) and (2) . . .

*Mathews*, 36 F.3d at 822-23 (emphasis added). It is clear then that Movant's § 844(i) conviction (Count 2), *not* his conspiracy conviction (Count 1), was the predicate "crime of violence" for his Count 3 conviction. Therefore, whether Movant's Count 3 conviction

5

and sentence are constitutional turns on whether violation of § 844(i) is or is not a "crime of violence," as defined in § 924(c).

The Ninth Circuit has already answered that question in the affirmative. In his first direct appeal in 1994, Movant argued that his sentence on Counts 2 and 3 constituted double jeopardy and double punishment for the same conduct. *Mathews*, 36 F.3d at 823. In a published opinion, the Ninth Circuit disagreed, analyzing Congress's intent with respect to § 924(c). Specifically, the Ninth Circuit held:

> Congress intended to punish both the crime of violence effected by the use of the bomb under 18 U.S.C. § 844(i) and, cumulatively to add the punishment for carrying the bomb in relation to this crime of violence.

*Id.* Thus, the Ninth Circuit has already resolved the issue Movant raises in his § 2255 motion. After analyzing Congress's intent, the Ninth Circuit determined that Congress intended "the use of the bomb under 18 U.S.C. § 844(i)" to be "*this* crime of violence" for purposes of § 924(c). *See id* (emphasis added).

Movant's arguments to the contrary are premised on the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990). However, because "the primary purpose of the categorical approach is to effectuate the intent of Congress" and the Ninth Circuit already determined Congress's intent, the Court need not apply the categorical approach. *See United States v. Rogers*, 389 F. Supp. 3d 774, 790 (C.D. Cal. 2019) ("A long line of Supreme Court precedent consistently demonstrates that congressional intent is the driving force behind the categorical approach") (citing cases)); *see also United States v. Simms*, 914 F.3d 229, 239-40 (4th Cir. 2019) (noting that the Supreme Court's development and application of the categorical approach "has always [been] rooted . . . in the statutory language chosen by Congress"). The Court is bound by the Ninth Circuit's prior findings about Congressional intent, particularly those findings already applied to Movant's case. Thus, because the Ninth Circuit held that Congress intended bombing under § 844(i) to be a "crime of violence" under § 924(c), Movant's conviction and sentence were properly imposed, and his motion must be denied.

### III. CONCLUSION

For the previous reasons, Movant's motion is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 17, 2019

HON. ROGER T. BENITEZ
United States District Court Judge